# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| North Charleston Community Interfaith Shelter d/b/a NCCIS, | ) ) ) | Civil Action No. 2:16-cv-1250 |
| Plaintiff, | ) ) ) | **ORDER AND OPINION** |
| v. | ) ) | |
| Bank of America, N.A., | ) ) | |
| Defendant. | ) ) ) | |

This matter is before the Court on Defendant Bank of America, N.A.'s ("BANA") Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 21.) For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

## I. Background and Undisputed Facts

Plaintiff North Charleston Community Interfaith Shelter ("NCCIS") is a charity that provides services to veterans and has been registered with the South Carolina Secretary of State since 1991. In March 2006, the acting Executive Director of NCCIS, Nancy Cook, applied to BANA for a loan on behalf of NCCIS. Cook presented NCCIS's real property as collateral and provided BANA with what she represented was a legitimate resolution by the Board of Directors of NCCIS authorizing her to apply for the loan. When the Board of Directors of NCCIS became aware of the loan in 2011, they terminated Cook as Executive Director. The loan was marked satisfied in public records as of December 2012, and BANA has not made any effort to collect on the loan since December 2012.

On December 7, 2015, NCCIS filed a Complaint in the Court of Common Pleas, Charleston County, South Carolina[1], alleging that, in March 2006, BANA originated a loan secured by a mortgage on Plaintiff's real property without first determining that Cook was authorized to do so by Plaintiff's Board of Directors. NCCIS alleges that BANA originated the loan "without using every banking General Method of Accounting (GMA) for loans opened by Charities; and in so doing committed, and allowed to be committed, in bad faith a first mortgage . . . against the real property belonging to the plaintiffs and since March 2006 with regularly monthly payments debited from the plaintiffs bank account of funds; funds federally audited, and otherwise misappropriated by a Charity's contract employee." (Dkt. No. 1-1 at 6) (errors in original). Based on these factual allegations, Plaintiff seeks relief through three causes of action: (1) breach of contract; (2) breach of fiduciary duty; and (3) fraudulent inducement. For relief, Plaintiff asks the Court to order the following:

> return [of] the monies debited and a reverse of interests for the loss of these monies since 2006 AND to [i]ts form as directed by the defendants closing the Charities account AND returning that account balance of $17,807.32 on May 23, 2011 *(without disclosing the mortgage and its payments in arrears)* by and to all of its interest and any other such relief that has been lost by the unfortunate misuse of and loss of use of these funds for the Charity's Mission, were converted and simply stolen others without a defendant's lawful standing to have encumbered the plaintiffs or its property, land and money.

(Dkt. No. 1-1 at 9.) BANA filed a Motion for Summary Judgment on November 15, 2017, arguing that it is entitled to summary judgment as to all of Plaintiff's claims because they are barred by the applicable statute of limitations and there is no genuine issue of any material fact that a jury needs to consider. (Dkt. No. 21 at 1.)

---

[1] BANA timely removed the matter to this Court.

## II. Legal Standard - Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## III. Discussion

BANA argues that Plaintiff's breach of contract, breach of fiduciary duty, and fraudulent inducement claims are all subject to a three-year statute of limitations and that BANA is entitled

-3-

to summary judgment on all claims because Plaintiff filed them outside the limitations period. *See* S.C. Code Ann. §15-3-530. BANA claims that the statute of limitations for all claims in this lawsuit began to run no later than June 9, 2011 because on that date Bobby Knight, who is or was the Chairman of Plaintiff's Board of Directors and its President, wrote a letter to the South Carolina Department of Licensing and Labor Relations on behalf of Plaintiff's Board of Directors referencing a "Mrs. Cook" who presented herself to BANA as Plaintiff's president to obtain a loan. (Dkt. No. 21-3; *see Segars v. Fid. Nat. Title Ins. Co.*, No. 2014-UP-094, 2014 WL 2580114, at *1 (S.C. Ct. App. Mar. 5, 2014) ("[T]he statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct."). BANA argues that Plaintiff's claims are barred by the statute of limitations because they were filed on December 7, 2015, well after the three-year statute of limitations for all of Plaintiff's claims expired on June 9, 2014 under Section 15-3-530. (Dkt. No. 21 at 3-4.)

Plaintiff does not argue or even address the June 2011 letter from Bobby Knight which shows Knight was aware of Cook's actions on that date. Plaintiff claims only that it "did not receive status documents on the major loan and credit card accounts until January, 2013" without claiming that that was the first time it knew or should have known about the alleged conduct. (Dkt. No. 22 at 2.) Moreover, Plaintiff submitted with its response an affidavit from Bobby Knight in which Knight states that he became aware of the "outstanding loans" and Cook's "misappropriated funds" on May 5, 2011 at the Exit Audit. (Dkt. No. 22 at 16.) This date is consistent (within one month) of the date BANA claims the statute of limitations began to run. However, Knight goes on to say in his affidavit that the bank refused to release certain loan documents in connection with the loan Ms. Cook secured until August or September 2012. (*Id.*)

Plaintiff may have intended to argue that it did not know the nature of Cook's misrepresentations until BANA allowed it access to the loan documents in August or September 2012. However, even if the three-year statute of limitations started to run in September 2012, Plaintiff filed its claims over three years later on December 7, 2015, still outside the statute of limitations. For these reasons, the Court finds that Defendant is entitled to summary judgment on Plaintiff's claims in the original complaint for breach of contract, breach of fiduciary duty, and fraudulent inducement because these claims are all barred by the statute of limitations in Section 15-3-530.

In an effort to salvage the breach of contract claim in its original complaint, Plaintiff pursued a new[2] theory in its response to BANA's Motion for Summary Judgment, claiming, for the first time, that its breach of contract action "is based on the breach of Defendants['] checking account agreement, loan/note agreement . . . and the bailment. . . established by Plaintiff's checking account." (Dkt. No. 22 at 2.) Plaintiff further alleges for the first time that "Plaintiff held a checking account with Defendant that allowed payment of numerous kinds of operating expenses including the loan that was secured by the mortgage" and that a "breach occurred when Defendant abandoned and repudiated the customer banker relationship, and closed the checking account and required Plaintiff to accept a payout from the checking account." (*Id.* at 2-3.) Plaintiff goes on to claim that "Defendant, without cause also blocked Plaintiff's ability to make mortgage payments without explanation or without just cause" and "failed to perform as expected under the bailment when dealing with Nancy Cook." (*Id.*)

---

[2] Plaintiff alleged in its original complaint only that BANA breached "a duty to these plaintiffs to not mortgage their property or to debit the payment from the Charities accounts, without first conducting a review of normally provided documents like IRS 990 forms filed with the IRS and the Secretary of State's Office every November 15th for such Charities." (Dkt. No. 1-1 at 7-8.)

To the extent Plaintiff intended to assert new allegations for breach of contract, breach of fiduciary duty, or fraudulent inducement in its response, these are barred by the three-year statute of limitations for reasons already discussed. However, one of Plaintiff's new assertions requires closer consideration. Plaintiff argues that while the three-year statute of limitations in Section 15-3-530 applies to run-of-the-mill contract claims, the twenty-year statute of limitations in Section 15-3-520 applies to its breach of contract claim because it is an action upon a "contract in writing secured by a mortgage of real property" and is based on a sealed instrument. BANA argues that Plaintiff's reliance on Section 15-3-520 is misplaced because Plaintiff has not alleged that BANA breached any provision of the loan/mortgage agreement. The Court agrees.

In a breach of contract action, the burden is upon the plaintiff to prove the contract, its breach, and the damages caused by such breach. *See Maro v. Lewis,* 697 S.E.2d 684, 688 (S.C. 2010) (citing *Fuller v. E. Fire & Cas. Ins. Co.,* 124 S.E.2d 602, 610 (S.C. 1962)). Additionally, a claimed breach of contract must be evidenced by an express contractual provision. *See Gilliland v. Elmwood Properties,* 391 S.E.2d 577, 581 (S.C. 1990) (stating that since none of the claimed breaches of contract were evidenced by an express contractual provision, the breach of contract claim was precluded by the parol evidence rule). Plaintiff has not identified any provision of the loan/mortgage agreement that BANA breached when BANA closed the checking account and "abandoned and repudiated the customer banking relationship." (Dkt. No. 22 at 2-3.) Because the Court finds that Plaintiff's contract claim is not based on any breach of the terms of the loan agreement, the three-year statute of limitations in Section 15-3-530 applies to Plaintiff's breach of contract claims. Because Plaintiff filed its claims for breach of contract, breach of fiduciary duty, and fraudulent inducement outside of the applicable three-year statute of limitations, Defendant is entitled to summary judgment on these claims.

## IV. Conclusion

For the foregoing reasons, Defendant BANA's Motion for Summary Judgment (Dkt. No. 21) is granted.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 27, 2017
Charleston, South Carolina